UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 09-11607-MAP

| | |
|---|---|
| International Union of Operating Engineers Local 98 Health and Welfare, Pension and Annuity Funds, et al<br>    Plaintiffs | )<br>)<br>)<br>) |
| v. | )<br>)<br>) |
| Ray Haluch Gravel Co., et al<br>    Defendant | )<br>) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

    Now comes the Defendant and opposes Plaintiffs' Motion for Attorney's Fees and as cause therefore states:

1. Plaintiffs have filed a motion for Attorney's Fees seeking a total of fees and costs of $143,600.44. The motion is presumably contingent on their prevailing in this action. Defendant opposes the motion even if Plaintiffs do prevail on grounds that the amount sought is excessive and not properly supported.

2. Plaintiffs did not submit a supporting affidavit from a local attorney. Instead, they have submitted an affidavit from an attorney in Hartford, a different metropolitan area not even within the jurisdiction of the District Court. See *Luciano v. Olsten Corp*., 109 F.3d 111 (2nd Cir. 1997), *EEOC v. Harris Farms, Inc.,* 97 FEP Cases 1447 (E.D. Cal. 2006) of *Bordanaro v. McCleod* 871 F.2d 1151, 1168 (1st Cir. 1989). Although the hourly rates requested do not seem to be very different from rates charged in the Springfield area, several factors are not addressed. For instance, the Plaintiffs do not indicate whether the

requested rates are the rates that they normally bill to clients, in particular clients of this type for this type of work. Clients who provide a large volume of business are often billed at a lower rate. Nor do the affidavits address the particular type of work involved here.

3. Plaintiffs present no evidence to support the requested rates for paralegals and secretaries. Paralegals at Egan, Flanagan and Cohen, PC who worked on this matter, are billed at $95.00 per hour. Plaintiffs request rates of $134 per hour to $141 per hour and two of the individuals, (JLR, LLD) do not appear to have any paralegal education. These rates should be disallowed.

4. The overall time expended by Plaintiffs' attorneys is excessive. Plaintiffs list 491.6 hours for six different attorneys. The trial itself essentially involved a small set of issues surrounding the work of one employee. The trial was not particularly long. Defendants utilized one attorney who expended 270.6 hours for the same matter (Exh. A, Aff. of Maurice M. Cahillane). While Plaintiffs' time need not be the same, the disparity in this case is huge. Plaintiffs' counsel claimed expertise in this area of the law, while defense counsel had to familiarize himself with a fairly unusual area under ERISA. Familiarity and expertise should reduce the time needed to do the work. *Ackerley Communications of Mass., Inc.* v. *Sommerville*, 901 F.2d 170, 172 (1st Cir. 1990). Plaintiffs made no effort to eliminate hours that were excessive, duplicative or unnecessary. See *Lewis* v. *Kendrick*, 944 F.2d, 949 (1st Cir. 1991). No distinctions are made for the type of work performed. See *Maceira v. Pagan*, 698 F.2d 38, 40-41 (1st Cir. 1983). The time approved should be drastically curtailed from that of the petition.

5. Plaintiffs make no identification of travel time, which must be significant given that their offices are in Syracuse, New York.  Compounding this, Plaintiffs seek reimbursement for "business meals" ($439.64), "mileage" ($2,239.82) and "travel expense" ($1,205.61).  Travel time and expenses should be identified and disallowed or reduced since Defendant should not be responsible for Plaintiffs' decision to hire counsel from out of state.   See *Rogers v. Motta*, 65 F.Supp. 39, 48 (D. Mass. 1986).

6. Time should be further reduced for matters that were unsuccessfully pursued.  See *Hensley v. Eckerhardt* 461 U.S. 424, 435 (1983, *Washington v. Philadelphia County Court of Common Pleas* 89 F3d 1031, (3rd Cir. 1996).  This case originally focused on the employment of Todd Downey – the only employee cited in the complaint.  Defense counsel had to expend considerable time exploring this issue and assumes that Plaintiffs did as well, but with a few exceptions, it is not specifically identified in the petition.  Plaintiffs' claims regarding Todd Downey were dropped and not pursued at trial.  Time spent on his issues should be identified and disallowed.

7. Plaintiffs also expended 112.3 hours ($29,198 of time) on a motion for summary judgment.  The motion failed.  Plaintiffs' motions for summary judgment in employment cases are unusual and there was good reason to assume material factual disputes in this case.

8. For these reasons, the petition, if plaintiffs prevail, should be denied or reduced.

|  |  |
|---|---|
|  | THE DEFENDANT, RAY HALUCH, <br> By his attorney <br><br>   /S/   Maurice M. Cahillane <br> Maurice M. Cahillane, Esq. <br> EGAN, FLANAGAN and COHEN, P.C. <br> 67 Market St., P.O. Box 9035 <br> Springfield, MA 01102 <br> Phone: (413) 737-0260; <br> Fax: (413) 737-0121 <br> BBO# 069660 |
| April 15, 2011 | mmc@eganflanagan.com |

## **CERTIFICATE OF SERVICE**

    I, Maurice M. Cahillane, hereby certify that I served the foregoing document on plaintiffs by serving a true copy of same in hand to Daniel Brice, Esq., Blitman & King, 443 No. Franklin Street, Syracuse, NY  13204-5412.

|  |  |
|---|---|
| April 15, 2011 |   /S/   Maurice M. Cahillane <br> Maurice M. Cahillane |

5943-090206\217175